UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEBORAH LAUFER, Individually,

                              Plaintiff,                    1:20-cv-00845 (BKS/ML)

v.

ADIRONDACK LAKEVIEW, LLC,

                              Defendant.

---

DEBORAH LAUFER, Individually,

                              Plaintiff,                    1:20-cv-01075 (BKS/ML)

v.

TETRAD CANAAN REAL ESTATE LLC,

                              Defendant.

---

**Hon. Brenda K. Sannes, United States District Court Judge:**

**ORDER**

      Plaintiff Deborah Laufer, a Florida resident and an individual with a disability, filed these actions against Defendants Adirondack Lakeview, LLC and Tetrad Canaan Real Estate LLC, asserting causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a). (1:20-cv-00845, Dkt. No. 1; 1:20-cv-01075, Dkt. No. 1). Plaintiff seeks injunctive relief, damages, and attorney's fees. (*Id.*). Plaintiff has filed approximately 30 nearly identical cases against different defendants in the Northern District of New York. *See* Exhibit A.

In every case, the Court must ensure it has subject matter jurisdiction. "[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There appears to be a serious question as to whether Plaintiff has established standing, in these cases, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions. *See, e.g.*, *Laufer v. Laxmi & Sons, LLC*, 1:19-cv-01501 (BKS/ML) (Dkt. No. 15, at 7, May 6, 2020) ("There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York."). Therefore, before taking any further action in the above-captioned actions, the Court orders Plaintiff to submit a brief in each action, explaining why the complaint should not be dismissed for lack of subject matter jurisdiction. Accordingly, it is

**ORDERED** that Plaintiff is directed file briefs in the above-captioned actions by September 30, 2020, addressing whether she has standing. Plaintiff's briefs should reference the legal issues identified, and caselaw discussed, in the Memorandum-Decision and Order the Court entered in *Laufer v. Laxmi & Sons, LLC*, 1:19-cv-01501 (BKS/ML) (Dkt. No. 15, May 6, 2020), attached hereto. Any response in Case Number 20-cv-845 is due by October 16, 2020. The

Defendant in Case Number 20-cv-1075 may contact the Courtroom Deputy to get a response due date.

    **IT IS SO ORDERED.**

Dated: September 17, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

## **EXHIBIT A**

### **Docket Numbers**

| | |
|---|---|
| 6:19-cv-01432 | 3:20-cv-00281 |
| 1:19-cv-01462 | 3:20-cv-00323 |
| 3:19-cv-01509 | 1:20-cv-00325 |
| 3:19-cv-01557 | 5:20-cv-00348 |
| 3:19-cv-01559 | 8:20-cv-00350 |
| 3:19-cv-01564 | 3:20-cv-00352 |
| 3:19-cv-01581 | 5:20-cv-00356 |
| 5:19-cv-01583 | 8:20-cv-00357 |
| 5:19-cv-01585 | 8:20-cv-00376 |
| 5:19-cv-01586 | 3:20-cv-00378 |
| 5:19-cv-01588 | 5:20-cv-00379 |
| 5:20-cv-00273 | 3:20-cv-00383 |
| 3:20-cv-00275 | 8:20-cv-00384 |
| 3:20-cv-00280 | 3:20-cv-00407 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH LAUFER, Individually,

                                  Plaintiff,                    1:19-cv-01501 (BKS/ML)

v.

LAXMI & SONS, LLC,

                                  Defendant.
_____

**Appearances:**

*For Plaintiff:*
Peter Sverd
Law Offices of Peter Sverd, PLLC
225 Broadway
Suite 613
New York, NY 10007

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On December 4, 2019, Plaintiff Deborah Laufer filed this action against Defendant Laxmi & Sons, LLC, asserting causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a). (Dkt. No. 1). Plaintiff is a Florida resident who is wheelchair bound, has limited use of her hands, and is visually impaired. (*Id.* ¶ 1). She alleges that Defendant owns a place of lodging known as the Capital Inn & Suites— Rensselaer NY (the "Property"), in Rensselaer, New York that is required to comply with the requirements of 28 C.F.R. § 36.302(e), and that Defendant maintains an online reservations system that fails to meet these requirements. (*Id.* ¶¶ 3, 7, 10–11). Specifically Plaintiff alleges that the reservation website

"has no options in booking an accessible room" and provides no information as to "whether or where it offers compliant/accessibility in the hotel as to," inter alia, grab rails, wheelchair access, commodes or accessible routes. (*Id.* ¶¶ 10, 11(a)). Plaintiff seeks a declaratory judgment that Defendant is in violation of the ADA, the NYSHRL, and 28 C.F.R. § 36.302(e); injunctive relief ordering Defendant to revise its online reservation system to comply with, and monitor compliance with, 28 C.F.R. § 36.302(e); an award of attorney's fees, costs and litigation expenses; and an award of damages in the amount of $1,000. (*Id.* at 10–11).

On December 17, 2019, Plaintiff filed an affidavit of service of the summons and Complaint on Defendant by service on the New York Secretary of State. (Dkt. No. 6). Defendant has not answered the Complaint or otherwise appeared in this action. Plaintiff sought and obtained a clerk's entry of default, which was entered on January 30, 2020. (Dkt. Nos. 8, 9).

Presently before the Court is Plaintiff's motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for default judgment. (Dkt. No. 13). Plaintiff seeks injunctive relief[1] and an award of $4,995.00, consisting of $1,000 in damages to Plaintiff; $1,140 in expenses; and $2,855 in attorney's fees. (Dkt. No. 13-10, at 15; Dkt. No. 13-2, at 2).

**II.   DISCUSSION**

    **A.   Subject Matter Jurisdiction**

As a preliminary matter, the Court must assess whether it has subject matter jurisdiction over this action. "[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter

---

[1] In addition to seeking an injunction "enjoining [Defendant] from discriminating against individuals with disabilities," Plaintiff argues that she is entitled to judgment "mandating that the Defendants [sic] bring its facility into full compliance with the ADA," and an injunction "closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities." (Dkt. No. 13-10, at 4, 15). The Court assumes that the references to "facilities" and "premises" refer to the online reservation system identified in the complaint as the basis for the ADA claim.

2

jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte.").

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.' To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit.'" *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (quoting *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92 (2d Cir. 2018)). To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract." *Id.* Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* at 1549–50 (holding that the plaintiff could not satisfy the demands of Article III by simply

3

alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is 'whether the particular . . . violations alleged . . . entail a *degree of risk* sufficient to meet the concreteness requirement.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 80 (2d Cir. 2017) (emphasis in original) (quoting *Spokeo*, 136 S. Ct. at 1550).

To have standing to seek injunctive relief Plaintiff has the burden of establishing that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citation omitted); *see Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) ("Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'" (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).[2]

In the ADA context, the Second Circuit has previously found standing "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler*, 731 F.3d at 187–88. Whether an ADA plaintiff intends to return to a place of public accommodation is a fact-specific inquiry. *See, e.g.*,

---

[2] The Court notes that "the ADA does not provide for compensatory damages," *Kreisler*, 731 F.3d at 186 n.1, and that in her motion for default judgment Plaintiff seeks injunctive relief. (Dkt. No. 13-10, at 3–4, 15).

4

*id.* (finding the plaintiff had standing to challenge a diner's wheelchair inaccessible entrance and barriers inside where the plaintiff alleged that the seven-to-eight-inch step at the front entrance "deterred him from frequenting the Diner; the Diner has not indicated an intent to remedy this barrier; and [the plaintiff's] testimony and proximity to the Diner create a reasonable inference that he would frequent the Diner were the violation remedied"); *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (finding Florida resident did not have standing to bring an ADA action against the owner of a Hampton Inn in Stamford, Connecticut; absent evidence of "any concrete plan to stay overnight in Stamford in the future," his claim "lacks the specificity necessary to establish an ongoing injury caused" by the alleged ADA violation); *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71–72 (2d Cir. 2011) (finding Florida resident who "avows a present intent to return to" the defendant's mall in New York, "the likelihood of which finds some support in professional and family reasons," has standing to pursue an injunctive relief claim under the ADA challenging its lack of accessibility).

    **B.**    **Analysis**[3]

Plaintiff is a resident of Florida who is "bound to ambulate in a wheelchair or with a cane or other support," "has limited use of her hands," and is "visually impaired." (Dkt. No. 1, ¶ 1.) Plaintiff alleges that, "beyond the comfort of her own home, [she] must primarily rely on a wheelchair" to ambulate, and that she requires accessible handicap parking spaces located closest to the entrances of a facility. (*Id.*). Among other accommodations, Plaintiff requires access aisles and doorways with "sufficient width," safe "[r]outes connecting the handicap spaces," sinks "at the proper height," and "grab bars both behind and beside a commode so that she can safely

---

[3] The facts are taken from the complaint and the affidavit filed by Plaintiff. (Dkt. Nos. 1, 13-1). The Court assumes the truth of the well-pled facts in the complaint. *Truman v. Brown*, No. 19-cv-1546, 2020 WL 353615, at *6, 2020 U.S. Dist. LEXIS 11521, at *15 (S.D.N.Y. Jan. 21, 2020).

transfer." (*Id.*). Plaintiff is an advocate for the rights of "similarly situated disabled persons and a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." (*Id.* ¶ 2).

Defendant owns the Capital Inn & Suites –Rensselaer NY. (*Id.* ¶ 3). Defendant "implemented, operates, controls and or maintains an online reservation system" where the public may reserve accommodations and review information pertaining to the Property. (*Id.* ¶ 10). "Prior to the commencement of the lawsuit, Plaintiff visited the [online reservation system] for the purpose of reviewing and assessing the accessible features at the Property and to ascertain whether it meets the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." (*Id.* ¶ 11). Plaintiff alleges that Defendant must comply with this regulation, which requires it to "ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms." (*Id.* ¶¶ 7–8) (quoting 28 C.F.R. § 36.302(e)(1)).

According to the Complaint, Defendant failed to comply with the requirements of 28 C.F.R. § 36.302(e). (*Id.* ¶ 11). Specifically, https://www.booking/com/hotel/us/capital-inn-and-suites.html has "no options in booking an accessible room," and provides "no information" as to whether or where "it offers complaint/accessibility in the hotel as to grab rails, wheelchair access, built in seating, commodes, sinks . . . sufficient maneuvering spaces, compliant doors . . . [or] any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route." (*Id.* ¶ 11(a)). Other, third-party sites are not helpful for finding this information. (*Id.* ¶ 11(b)). Two third-party sites, which had "no option to book a room," provided only the following information about accessibility at the Property: "Accessible

6

bathroom," "Wheelchair accessible parking," "Wheelchair accessible path for travel," and "In-room accessibility." (*Id.* ¶ 11(c), (d)).

"In the near future, Plaintiff intends to revisit the Defendant's [online reservation system] in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself" of the facilities and accommodations of the Property. (*Id.* ¶ 12). Plaintiff "is continuously aware" that the online reservation system "remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless she is willing to suffer additional discrimination." (*Id.* ¶ 13). Plaintiff has suffered "frustration and humiliation as the result" of the discrimination of the online reservation system, and it has deprived her of "the information required to make meaningful choices for travel." (*Id.* ¶ 14). Plaintiff alleges that Defendant has deprived her of the enjoyment of accommodations available to the general public, and that she "has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify" its online reservation system. (*Id.* ¶¶ 14–15). Plaintiff alleges that Defendant has violated the ADA (Count I) and the NYSHRL (Count II). (*Id.* at 3–10). Plaintiff seeks: declaratory relief under the ADA and the NYSHRL; injunctive relief directing Defendant to comply with 28 C.F.R. § 36.302(e); attorney's fees, costs and litigation expenses under 42 U.S.C. § 12205; and compensatory damages under N.Y. Exec. Law § 297(9). (*Id.* at 10–11).

There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York.[4] Plaintiff alleges that she is a "tester" for the ADA. (Dkt. No. 1, ¶ 2). However, her status as a "tester" does not

---

[4] In her affidavit, which largely tracks the Complaint, Plaintiff states that she visited the online reservation system "from her home." (Dkt. No. 13-1, ¶ 5).

7

appear to be sufficient to establish subject matter jurisdiction in this action. *See Greenwich Hosp.*, 536 F. App'x at 155 (finding the plaintiff's "assertion that he visits public accommodations as an ADA 'tester'" failed to establish standing as it lacked "the requisite link to Stamford, Connecticut"—the location of the defendant's Hampton Inn); *see also Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services").

Moreover, even assuming that Plaintiff had established standing to challenge the reservation website described in the Complaint, there appears to be a question about whether there is "a real and immediate threat of repeated injury" and whether any ADA claim is moot. In accord with the case-or-controversy requirement in Article III, "[a] case in federal court must be alive at all stages of judicial proceedings," and "[i]f events subsequent to the filing of a lawsuit resolve the controversy, the case should be dismissed as moot." *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991); *see Harty v. Nyack Motor Hotel Inc.*, No. 19-cv-1322, 2020 WL 1140783, at *3, 2020 U.S. Dist. LEXIS 40429, at *9 (S.D.N.Y. March 9, 2020) (dismissing ADA claim as moot when lodging website that was allegedly inaccessible to disabled plaintiff had become defunct). The Court may take judicial notice of the contents of the website in this case. *Id.,* 2020 WL 1140783, at *3 n.1; 2020 U.S. Dist. LEXIS 40429, at *8 n.1. Currently the site has an "amenities" page which states that there are "[f]acilities for disabled guests." *See* https://www.booking.com/hotel/us/capital-inn-and-suites.html (last visited May 6, 2020). The amenities page contains a section entitled

8

"accessibility," with an image of an individual in a wheelchair. The items listed beneath "accessibility" are: "visual aids (Braille), toilet with grab rails, wheelchair accessible." There are rooms listed as "disability access" that appear to be available to reserve.

In light of all of the above, the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler*, and *Deeper Life Christian Fellowship, Inc,* and thus whether the Court has subject matter jurisdiction over this action. The Court does not, therefore reach the merits of the motion for default judgment, and will provide Plaintiff with an opportunity to brief the issue of subject matter jurisdiction.[5]

### III. CONCLUSION

For these reasons, it is therefore

**ORDERED** that Plaintiff is directed to respond to this Order with a memorandum of points and authorities by June 6, 2020, addressing whether the Court has subject matter jurisdiction; and it is further

**ORDERED** that any ruling on Plaintiff's motion for default judgment, (Dkt. No. 13), is deferred until the Court determines whether it has subject matter jurisdiction over this action; and it is further

**ORDERED** that Plaintiff serve a copy of this Memorandum-Decision and Order on Defendant and file a certificate of service.

**IT IS SO ORDERED.**

Dated: May 6, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[5] The Court notes that Plaintiff currently has twenty-nine other actions pending before this Court which appear to be similar lawsuits against places of lodging in the Northern District of New York. The Court will, accordingly, issue an order to show cause in each such case, directing Plaintiff to brief the issue of the Court's subject matter jurisdiction with respect to each action.

9